**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSHUA TAN, | No. 21-55905 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-07199-RGK-AS |
| v. | |
| HYDRAULICS INTERNATIONAL, INC., a California Corporation; PKL SERVICES, INC., a California Corporation, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| DOES, 1 to 50, inclusive, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted July 26, 2022
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and BENNETT,** Senior District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

This appeal addresses a negligence claim by Plaintiff-Appellant Joshua Tan ("Tan"), a member of the Republic of Singapore Air Force ("RSAF") who was stationed at a United States Air Force ("USAF") base in Idaho pursuant to a military cooperation agreement. Tan suffered serious leg injuries requiring a partial amputation after he lost control of an MJ-1 "Jammer"—a rear-wheel-drive support vehicle used to haul ammunition and load fighter jets during combat operations. He filed a negligence claim against Defendant-Appellee PKL Services Inc. ("PKL"), a United States government contractor retained by the USAF to provide "weapons load training" to RSAF airmen. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court granted summary judgment to PKL on the ground that PKL did not owe Tan a duty of care under California law.[1] "To establish a cause of action for negligence, the plaintiff must show that the 'defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury.'" *Brown v. USA Taekwondo*, 483 P.3d 159, 164 (Cal. 2021) (quoting *Nally v. Grace Cmty. Church*, 763 P.2d 948, 956 (Cal. 1988)). "Recovery for negligence depends as a threshold matter on the existence of a legal duty of care." *Id.* (citing *S. Cal. Gas Leak Cases*, 441 P.3d 881, 885 (Cal. 2019)). "[T]he existence

---

[1] As we resolve this appeal on other grounds, we need not address PKL's defense under the doctrine of derivative sovereign immunity.

of a duty is a question of law for the court," *Ky. Fried Chicken of Cal., Inc. v. Sup. Ct.*, 927 P.2d 1260, 1263 (Cal. 1997), and is reviewed *de novo* on appeal, *Cabral v. Ralphs Grocery Co.*, 248 P.3d 1170, 1174 (Cal. 2011).

In his Complaint, Tan alleged that PKL owed him "a duty to provide reasonable, adequate, competent, and necessary training for consumer products such as the [MJ-1]." As California law does not impose an affirmative duty to act absent a special relationship between the parties or the application of the negligent undertaking doctrine, *Brown*, 483 P.3d at 164–66, any duty to provide additional training must arise from PKL's delegated responsibilities under the contracts between the USAF and RSAF. *Cf. Nally*, 763 P.2d at 956 (observing that a duty of care may be imposed by contract). However, the military contracts only direct PKL to provide "weapons load training" for RSAF airmen in preparation for combat operations. RSAF, not PKL, is responsible for training its personnel to operate flight line support vehicles, and for certifying their competence before PKL may commence weapons load training. Accordingly, Tan's argument that PKL owed an affirmative duty to train him to operate the MJ-1 Jammer is unavailing.

In his arguments before this Court, Tan argues that PKL owed him a general duty not to expose him to an unreasonable risk of harm. *See* Cal. Civ. Code § 1714; *cf. Lugtu v. Cal. Hwy. Patrol*, 28 P.3d 249, 256–57 (Cal. 2001) (holding that a duty of care generally exists in situations where the defendant "created a risk" or is

3

otherwise "responsible for making the plaintiff's position worse"). He contends that PKL violated this duty and exposed him to an increased risk of injury by directing him to drive the MJ-1 Jammer across the base on an open road. As an initial matter, Tan failed to plead this theory of liability in his Complaint, rendering it unavailable at the summary judgment stage. *See, e.g.*, *Navajo Nation v. United States Forest Serv.,* 535 F.3d 1058, 1080 (9th Cir. 2008) (holding that "summary judgment is not a procedural second chance to flesh out inadequate pleadings").

Even if this formulation of duty had been properly pled, Tan's injuries were unforeseeable as a matter of law. "Foreseeability is the primary factor in the duty analysis." *Grotheer v. Escape Adventures, Inc.*, 222 Cal. Rptr. 3d 663, 646 (Cal. Ct. App. 2017). Tan argues that driving the unloaded MJ-1 half a mile along a road with ongoing construction presented an increased risk of harm due to the inherent instabilities of rear-wheel drive vehicles. He also notes that his RSAF flight line training did not include long-distance driving or contingency brake training, and that his final competency exam with the RSAF did not contain any practical components. However, the record is devoid of evidence that any heightened risk associated with these facts was foreseeable to PKL. Tan received a Flight Line Competency Card in March 2018, certifying that he was competent to operate flight line support vehicles in compliance with USAF policies. Consistent with the prevailing military contracts,

4

it was reasonable for PKL and its instructors to assume that a trainee with the requisite certifications would be competent to operate the MJ-1 Jammer.

Moreover, longstanding public policy counsels against allowing state law to interfere with military contracts. *See, e.g.*, *Boyle v. United Tech. Corp.*, 487 U.S. 500 (1988). Accordingly, the policy implications of this case weigh against recognizing a duty of care under state law. *See Rowland v. Christian*, 69 Cal. 2d 108, 113 (1968). As noted above, the contracts at issue here make RSAF responsible for training its servicemen to operate support vehicles. To impose a duty in this class of cases under state law would transfer a significant part of RSAF's risks and responsibilities to PKL, disrupting the balance of those agreements and burdening a domestic contract company with obligations and liabilities that the federal government intentionally placed with Singapore. We decline to impose such a duty here.

**AFFIRMED.**